An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

SFR INVESTMENTS POOL 1, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Appellant,
vs.
PHH MORTGAGE CORPORATION, A NEW JERSEY CORPORATION,
Respondent.

No. 64046

**FILED**

NOV 0 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER VACATING, REVERSING, AND REMANDING*

This is an appeal from an order, certified as final under NRCP 54(b), granting a motion to dismiss and denying a preliminary injunction in a quiet title action. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

The district court denied SFR Investments' preliminary injunction motion and granted PHH Mortgage's motion to dismiss, finding that SFR Investments had failed to state a viable claim for relief because NRS 116.3116(2)'s superpriority provision "does not eliminate the first security interest" and "is not applicable when the homeowners' association foreclosed under its lien pursuant to NRS 116.31162-NRS 116.31168." This court's recent disposition in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. ___, 334 P.3d 408 (2014), decides that a common-interest community association's NRS 116.3116(2) superpriority lien has true priority over a first security interest, and the association may nonjudicially foreclose on that lien. The district court's preliminary injunction and dismissal decisions thus were based on an erroneous interpretation of the controlling law and did not reach the other issues colorably asserted. Accordingly, we

14-36255

VACATE the portion of the order denying preliminary injunctive relief, REVERSE the portion of the order granting the motion to dismiss, AND REMAND this matter for proceedings consistent with this order.

_____Pickering_____, J.
Pickering

_____Saitta_____, J.
Saitta


PARRAGUIRRE, J., concurring:

For the reasons stated in the *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. ___, 334 P.3d 408 (2014), dissent, I disagree that respondent lost its lien priority by virtue of the homeowners association's nonjudicial foreclosure sale. I recognize, however, that *SFR Investments* is now the controlling law and, thusly, concur in the disposition of this appeal.

_____Parraguirre_____, J.
Parraguirre


cc:  Hon. Douglas Smith, District Judge
     Howard Kim & Associates
     Malcolm Cisneros/Irvine CA
     Eighth District Court Clerk